UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ARAMBULA, | No. C 10-1523 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ANTONY HEDGPETH, warden; et al., | |
| Defendants. | |

## INTRODUCTION

Gonzalo Arambula, an inmate at Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning conditions at the prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Arambula has filed numerous actions in this court, several of which were assigned to Judge Wilken. In one of those actions, Arambula filed a motion after judgment was entered. Judge Wilken viewed the motion to be an effort to introduce new claims, informed Arambula that he had to raise new claims by filing a new case in the appropriate jurisdiction, and informed him that (as a frequent filer subject to 28 U.S.C. §1915(g)) he had to be "prepared to show cause why that [new] action should not be dismissed without prejudice to bringing it in a paid complaint." Arambula v. Wong, No. C 05-2246 CW, Order Terminating Pending Motions Filed In Closed Action, p. 3.

Arambula then filed this action. He attached Judge Wilken's order in Case No. C 05-2246 CW as well as several inmate appeals and inmate medical records as exhibits to his complaint. In the text of his complaint, he alleged that, due to the court's abuse of discretion in C 05-2246 CW, he had to start over again. He also appeared to attempt to allege that medical staff's response to his medical needs was unacceptable to him. His allegations are extremely confusing, however, and he will need to file an amended complaint.

To the extent plaintiff wants to challenge the decision in Arambula v. Wong, No. C 05-2246 CW, his recourse would be an appeal if he is not too late to file an appeal. He cannot challenge a decision in one action by filing another action in the same court. He should not repeat any allegations about the decision in Case No. C 05-2246 CW in his amended complaint here. His amended complaint should be limited to claims about his medical care.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To show that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need

1  and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974
2  F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v.
3  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately
4  indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards
5  that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S.
6  825, 837, 844 (1994).

7       The complaint does not state a claim upon which relief may be granted against any
8  defendant. First, the complaint does not explain what plaintiff's medical needs were, and
9  how those needs were not met at the prison. Plaintiff attached several grievances and prison
10 forms to his complaint apparently as a way to explain his problem. The court will not read
11 through exhibits to piece together a claim for a plaintiff who has not pled one. It is plaintiff's
12 obligation to write out a complete statement of his claim(s) in his amended complaint. In his
13 amended complaint, plaintiff must describe his medical needs, and describe the response of
14 prison officials to any requests for care. He also should describe how the prison officials'
15 response or failure to respond caused any harm to him. For example, he alleges that prison
16 officials did not adhere to a prison-set schedule for medical visits; if he wants to pursue such
17 a claim, he needs to allege why it mattered medically if there was any delay in his medical
18 visits.

19      Second, the complaint does not link any defendant to the medical claims. That is,
20 plaintiff has not identified who acted or failed to act that caused the problem with his medical
21 care. In his amended complaint, plaintiff needs to link each defendant to his claim by
22 alleging facts showing the basis for liability for each individual defendant. He should not
23 refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should
24 identify each involved person by name and link each of them to his claim by explaining what
25 each defendant did or failed to do that caused a violation of his constitutional rights. See
26 Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual
27 defendant under § 1983 only if plaintiff can show that defendant proximately caused
28 deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat

3

superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

Third, the complaint does not allege that anyone acted with the necessary mental state of deliberate indifference. To be liable for deliberate indifference to plaintiff's medical need, a defendant would have to know of a serious medical need and fail to take reasonable steps to address that need.

B.   Frequent Filer's Pauper Application

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Arambula has filed many cases does not alone warrant dismissal under § 1915(g). See id. Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of §

4

1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

  A review of Arambula's prior prisoner actions in this court reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Arambula is now given notice that the court believes the following dismissals in this court may be counted as dismissals for purposes of § 1915(g): (1) Arambula v. M. Evans, No. C 05-0584 CW (civil rights complaint dismissed with leave to amend for failure to state a claim upon which relief may be granted and action dismissed for failure to amend); (2) Arambula v. C.O. Tangen, No. C 05-0933 CW (civil rights action dismissed for failure to state a claim); (3) Arambula v. Evans, No. C 05-1386 CW (civil rights action dismissed for failure to state a claim); (4) Arambula v. J. Perris, No. C 05-4559 CW (civil rights action dismissed for failure to state a claim); and (5) Arambula v. Johnson, et al., No. C 05-4102 CW (civil rights action dismissed for failure to state a claim). The court made its evaluation of these cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

  In light of these dismissals, and because Arambula does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **October 30, 2010** why the in forma pauperis application should not be denied and each of these action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Arambula may avoid dismissal by paying the full $350.00 filing fee by the deadline or by showing that he is

5

1  under imminent danger of serious physical injury.

2  C.        Motion For Appointment of Counsel

3         Plaintiff's motion for appointment of counsel to represent him in this action is
4  DENIED. (Docket # 3.)   A district court has the discretion under 28 U.S.C. §1915(e)(1) to
5  designate counsel to represent an indigent civil litigant in exceptional circumstances.  See
6  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of
7  both the likelihood of success on the merits and the ability of the plaintiff to articulate his
8  claims pro se in light of the complexity of the legal issues involved.  See id.  Neither of these
9  factors is dispositive and both must be viewed together before deciding on a request for
10 counsel under section 1915(e)(1).   Appointment of counsel does not appear appropriate in
11 this case.

## CONCLUSION

13        The complaint is DISMISSED with leave to amend.  The amended complaint must be
14 filed no later than **October 30, 2010**, and must include the caption and civil case number
15 used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is
16 cautioned that his amended complaint must be a complete statement of his claims and will
17 supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
18 Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are
19 not alleged in the amended complaint.")  Failure to file the amended complaint by the
20 deadline will result in dismissal of this action.

21        The response to the order to show cause why the in forma pauperis application should
22 not be denied also must be filed no later than **October 30, 2010.**  Failure to file the response
23 by the deadline will result in the dismissal of the action.

24        IT IS SO ORDERED.

25 Dated: September 23, 2010

_____
Marilyn Hall Patel
United States District Judge